SAMUEL COTT, EXECUTOR OF ISAAC COTT, DECEASED, *v.*
THE LEWISTON R. R. CO., APPELLANTS.

*Railroad Company—Duty of, on Diversion of Stream.*

When a railroad company, in the construction of its road, finds it
necessary to change the channel of a stream, and thus divert its course;
and, for that reason, constructs a new channel to restore and preserve the
stream in its former usefulness to owners of land through which it passed;
such company is not only bound to construct such new channel, but is
also bound to keep it in a suitable and proper condition, so as not only
to restore but to preserve the stream in its former usefulness as near as
practicable.

APPEAL from judgment of Supreme Court.

In 1853 the Plaintiff's testator owned a farm in fee, situate in
the town of Niagara, across which run a small stream of water,
supplying water for stock, &c. The Defendants, a railroad cor-
poration, having located its road through said farm, obtained from
the testator a conveyance of the necessary land for its construc-
tion, and also the right of constructing its road through the ad-
joining farm, situate above the Plaintiff, owned by Voght.

In the construction of Defendants' road, it became necessary
to make a deep cut in the channel of the stream, which would de-
prive the Plaintiff's testator of the use of the stream, by convey-
ing the water into Niagara River, unless an artificial channel was
constructed upon the lands of Voght. For this purpose, the De-
fendants acquired from Voght the right of constructing a new
channel for the stream upon his land, and in the fall of 1854 made
the channel and turned the stream into it, which conducted the
water to the testator's farm in the same manner as before. Dur-
ing the ensuing winter the new channel was made upon the
upper side of the said road, and parallel with the deep cutting
therein through limestone rocks, and in the spring of 1855 the
water commenced escaping from the new channel through the
fissures in the rocks into the deep cutting of the railroad, and con-
tinued so to escape in such quantity as to deprive the Plaintiff,
for a considerable portion of the year, of the entire water of the

stream. It appeared upon the trial, that the new channel upon Voght's farm might have been repaired at a small expense, so as to prevent the escape of the water therefrom, and thus preserve the utility of the stream for the testator's farm. The Defendants totally neglected to repair the channel, and the testator in March, 1859, commenced this action to recover his damages for the diversion of the water. Upon the trial at Circuit, the Defendants' counsel requested the Court to charge the jury in substance, that if the Defendants made the new channel suitable and proper to preserve therein and conduct the stream of water upon the farm of the Plaintiff as it had before run, as far as could be discovered at the time, although the water should subsequently escape and be diverted from causes not discoverable at the time, or from other causes, such as fissures in the rocks, &c., caused by the elements subsequently, the Plaintiff could not recover. The Court refused so to charge, and Defendants' counsel excepted.

The Court in substance charged that the Defendants were bound to restore the stream as near as practicable to its former state of usefulness; and if it had not done so it was still its duty so to do, and that if the Plaintiff had sustained damage from a neglect of this duty, he was entitled to recover. The Defendants' counsel excepted to this portion of the charge. A verdict was rendered for the Plaintiff, upon which judgment was entered, which was affirmed upon appeal by the Supreme Court. Whereupon the Defendants appealed to this Court.

GROVER, J.—The exceptions to the refusal of the Court to charge as requested, and to the charge as given, fairly I think raise the question whether, if a railroad company in the construction of its road finds it necessary to change the channel of a stream, and thus divert its course, and for that purpose constructs a new channel, the company is bound to keep such new channel in a suitable and proper condition, so as not only to restore but preserve the stream in its former state of usefulness as near as practicable.

The 5th clause of Sec. 34 of the General Railroad Act (2 R. S. 681) among other things empowers railroad companies to construct

their road across, along, or upon any stream of water, watercourse, &c., which the route of their road shall intersect or touch, but requires such companies to restore the stream, or watercourse, to its former state, or to such a state as not unnecessarily to have impaired its usefulness. The position of the Defendants is that having constructed the new channel with proper care, and in such a manner as that for the time being the stream is restored to its former state of usefulness, and for aught that can then be discovered, will permanently so remain, the company is thereby relieved from all responsibility, although it should turn out from the nature of the soil or rocks through which such new channel is constructed, it in a few months permitted the escape of the entire water, and thus, as in the present case, an owner of land situate below the point where the new channel is constructed, is wholly deprived of the use of the stream. I am unable to assent to this position. It is insisted that it is a fair deduction from the doctrine of Billinger *v.* The N. Y. Central Railroad (23 N. Y. 42), and kindred cases.

That principle is that, when legal authority for interfering with a stream upon making compensation exists, the party interfering is not absolutely responsible for a consequential injury arising therefrom, but only where such injury is the result of negligence on his part. An examination of that case will show that although the apertures for discharge of the water through the embankment were properly constructed, and that due care was taken at the time to secure sufficient capacity for that purpose, yet if subsequent experience showed them deficient, the company was bound to make them suitable and proper for that purpose, and a neglect so to do would render them liable. The duty imposed upon the company in the present case, was to restore the stream to its former state of usefulness as near as might be.

The company had the right to divert the stream, and construct the new channel therefor, if necessary for the construction of its road; and having the legal right to do this, were not responsible for the consequential injuries to others while the work was being done, if prosecuted with proper energy and dispatch. The change in the stream was made by the road for its own benefit. The

plain intention of the statute in such a case is that the company shall restore the stream to its former proprietors as little impaired in its utility as practicable, so as. to subject such owners to no loss or injury, or at any rate to make the loss as trifling as possible.

To effectuate this clear intent it must be held that the company must not only in the first instance make the channel as perfect as practicable, but continue and preserve it in that state as long as it continues to divert the water from its natural channel.

The testator had the right, as owner, to the continued, undiminished flow of the stream in its natural channel over his farm, and of this right he could not be deprived by the legislature without compensation. This right only includes the water flowing in the stream, and does not embrace any surface drainage that may flow into the Niagara River through the Defendants' cutting for their road.

This cutting the Defendants had a right to make, and for the flowing of surface drainage through it there is no liability.

The Defendants' counsel cites authorities showing that an owner digging in his soil, and thereby severing a vein of water running below the surface, and causing a spring upon the lands owned by another below, is not responsible for thus destroying the spring, for the reason that the digging being lawful, there is no liability for the consequences of the act.

That principle is not at all applicable to the present case. In this, but for the legislative permission for public purposes, the Defendant had no right, nor had Voght the power to grant to it any right to divert the stream from its natural channel to the prejudice of the testator. That permission is given, charged with the duty of restoring the stream to the testator as near as practicable to its former usefulness.

This is not by any means done if the testator has it restored burdened with the charge of keeping the new channel in repair.

That is a burden to which his previous enjoyment of the stream was not subject, which charge may exceed the whole value of the

stream, and thus deprive the testator of his entire property therein.    A construction leading to such a result must be rejected.

The judgment appealed from must be affirmed.    All concur.

JOEL TIFFANY,

State Reporter.
